## BROTHERTON vs. BROTHERTON.

Where a purchaser of land covenanted to pay a certain sum, part of the con sideration, provided the title to the land should prove good, and an action was brought upon such covenant to enforce the payment of the money : it was held that it was sufficient to allege in the declaration the indebtedness, without averring any thing in respect to the title ; leaving it to the defendant, if such was the fact, to plead the failure of title.

DEMURRER to declaration. The plaintiff Othenial Brotherton, declared in *debt* against Daniel Brotherton, on an instrument under seal, whereby he alleged that the defendant acknowledged that the sum of $217,10 was due to the plaintiff. The defendant craved *oyer* of the instrument and put in a general demurrer to the declaration. The instrument purports to be articles of agreement between the plaintiff and defendant, and to be executed by them, and by

NEW-YORK, one Moses Brotherton, and is in these words : "Articles of
May, 1838. agreement made 20th April, 1831, between, &c. witnesseth
Brotherton that the said Othenial Brotherton did on 19th November,
v. 1816, sell to the said Daniel Brotherton his right and title
Brotherton. to a piece or parcel of land (describing it ;) and as there is
now due on the said piece of land to said O. Brotherton
$217,10, which the said O. Brotherton does hereby relinquish
his claim to, provided the title to the said piece of land should
not prove to be good from Erastus Ingersoll, who originally
sold the same to the father of the said O. Brotherton ; other-
wise the said Daniel hereby agrees to pay the same. And
further if the said title should fail, then the undersigned
Moses Brotherton agrees to pay the above sum, provided
the said Moses shall hereafter recover on the bond he has
against Ingersoll ; otherwise this last agreement to be null
and void." The suit was commenced in January, 1836.

*A. Taber*, for the defendant, insisted that the declaration
was defective in not averring that the title had proved
good, as the defendant covenanted to pay only in that event.
Where a covenant is qualified in its terms it must be stated,
or the declaration is bad for variance. 11 East, 633.

*M. T. Reynolds*, contended that if there had been a fail-
ure of title, the defendant instead of demurring, should have
pleaded the fact.

*By the Court*, NELSON, Ch. J. The question presented
upon the demurrer in this case is, whether the declaration
sets forth the covenant according to its legal effect ; the
defendant contends that the $217,10 is payable only upon
the *contingency*, that the title of E. Ingersoll to the land
sold should prove good. It had previously come into the
hands of the plaintiff, who had conveyed it to the defendant,
and the above sum was part of the purchase money.
I think the defendant is mistaken in respect to the
true understanding of the agreement. The debt in the
first instance, is acknowledged, unqualifiedly, to be due as
part of the price of the farm ; and then the plaintiff stipu-

lates to relinquish it upon the failure of the title mentioned. It is absurd to suppose that he not only parted with the right and title to, and the possession of his farm, but stipulated besides to prove the title perfect in court, before the consideration money was to be paid. Such an interpretation of the instrument should not be given unless clearly required by the language of it. In my judgment it amounts in good sense and in legal effect, to a warranty of the title, besides allowing the defendant to set up the breach in bar of a recovery of what is due of the purchase money. The proviso operates by way of defeasance, which must come from the defendant. 1 Chitty's Pl. 301. 1 Saund. 233, (2 n.) 1 T. R. 645.

Judgment for plaintiff.